IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVINO CONSTRUCTION, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 03-2877C |
| v. | ) | (Judge Hewitt) |
| | ) | |
| THE UNITED STATES, | ) | |
| | ) | |
| Defendant. | ) | |

DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

For its answer to the complaint, defendant, the United States admits, denies, and alleges as follows:

1. Denies for lack of knowledge or information sufficient to form a belief as to their truth.

2. Admits.

3. The allegations contained in paragraph 3 are conclusions of law and plaintiff's characterization of its case, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

4. Denies the allegations contained in paragraph 4 for lack of knowledge or information sufficient to form a belief as to their truth.

5. Admits the allegations contained in paragraph 5 to the extent supported by the Invitation for Bids, which is the best evidence of its contents; otherwise denied the allegations contained in paragraph 5.

6. Admits.

7. Admits the allegations contained in paragraph 7 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations in paragraph 8.

9. Denies the allegations contained in paragraph 9 for lack of knowledge or information sufficient to form a belief as to their truth.

10. Admits the allegation contained in paragraph 10 that a pre-construction meeting was held on August 30, 2000, in the Warden's Conference Room at FCI Schuylkill; otherwise denies the allegations contained in paragraph 10. Defendant avers that Avino had been previously informed of restrictions at the pre-bid meeting held on June 28, 2000, and in the Statement of Work issued before Avino submitted its bid.

11. Admits the allegation contained in paragraph 11 that Avino advised the Contracting Officer that the actual lengths of pipe possibly exceeded the length shown on the Contract drawings; denies the remainder of the allegations contained in paragraph 11 for lack of knowledge or information sufficient to form a belief as to their truth.

12. Admits.

13. The allegations contained in paragraph 13 are conclusions of law, to which no response is required; to the extent they may be deemed allegations of fact, they are denied.

14. Admits the allegations contained in paragraph 14 that Avino hired a subcontractor, Chapman Surveying, Inc. ("Chapman"), and that Chapman alleges that the equipment schedule underestimates the necessary length of pipe by approximately 2,400 feet; denies the remaining allegations in paragraph 14 for lack of knowledge or information sufficient to form a belief as to their truth.

15. Admits the allegations contained in the first and second sentences of paragraph 15 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first and second sentences of paragraph 15. Denies the allegations contained in the third and fourth sentences of paragraph 15 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

16. Admits the allegation contained in the first sentence of paragraph 16. Denies the allegation contained in the second sentence of paragraph 16.

17. Admits the allegation in paragraph 17 that Avino's project manager informed the contracting officer of that the size

of the steel angle iron called for in the Contract specifications was changed; denies the remainder of the allegations contained in paragraph 17.

18. Admits the allegation contained in the first sentence of paragraph 18 that Avino's project manager sought guidance from the contracting officer regarding BOP's request for bores to be closed off. Admits the allegation contained in the second sentence of paragraph 18 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second sentence of paragraph 18.

19. Denies the allegation contained in the first sentence of paragraph 19 for lack of knowledge or information sufficient to form a belief as to their truth. Admits the allegation contained in the second sentence of paragraph 29 to the extent supported by the contract; denies the remainder of the allegations contained in the second sentence of paragraph 29.

20. Admits the allegation contained in paragraph 20 that Avino suggested the changes specified in paragraph 20; denies the remainder of the allegations contained in paragraph 20 (including the alleged reasons why Avino suggested the changes) for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted.

21. Admits the allegation contained in the first sentence

of paragraph 21. Admits the allegations contained in the second, third, and fourth sentences of paragraph 21 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the second, third, and fourth sentences of paragraph 21.

22. Admits the allegation contained in paragraph 22 that the Contracting Officer asked Avino to prepare a cost proposal to re-route piping to Thrust Block 3; admits the remaining allegations contained in paragraph 22 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the remainder of the allegations in paragraph 22.

23. Admits the allegations contained in the first sentence of paragraph 23. Admits the allegations contained in the second sentence of paragraph 23 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 23.

24. Admits the allegation contained in paragraph 24 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 24.

25. Admits the allegation contained in the first sentence of paragraph 25. Admits the allegations contained in the second

and third sentences of paragraph 25 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in the second and third sentences of paragraph 25.

26. Admits the allegation contained in the first part of paragraph 26; denies the allegation contained in the second part of paragraph 26 that Avino indicated it was unwilling to absorb costs associated with the delay in the job while waiting for the steel plates to arrive; denies the remainder of the allegations contained in paragraph 26.

27. Admits the allegations contained in paragraph 27 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations in paragraph 27.

28. Admits the allegations contained in the first, second, and fifth sentences of paragraph 28 to the extent supported by the documents cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first, second, and fifth sentences of paragraph 28. The allegations contained in the third and fourth sentences of paragraph 28 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

29. Admits the allegation contained in paragraph 29 that

Avino agreed to widen the trench and to notify the contracting officer if unforseen conditions were found; denies the remaining allegations contained in paragraph 29.

30. Admits the allegation contained in paragraph 30 to the extent supported by the cost proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 30.

31. Admits the allegations contained in the first sentence of paragraph 31. The allegations contained in the second sentence of paragraph 31 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied. Admits the allegations contained in the third sentence of paragraph 31 to the extent supported by the modification request cited, which is the best evidence of its contents; otherwise denies the allegations contained in the third sentence of paragraph 31.

32. Denies the allegations contained in the first sentence of paragraph 32 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Admits the allegations contained in the second sentence of paragraph 32 to the extent supported by the Contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the second sentence of paragraph 32. The allegations contained in the third sentence of paragraph 32 are

conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

33. Admits the allegations contained in the first sentence of paragraph 33 to the extent supported by the document cited, which is the best evidence of it contents; otherwise denies the allegations contained in the first sentence of paragraph 33. The allegations contained in the second sentence of paragraph 33 are conclusions of law, to which no response is required; to the extent that they may be deemed allegations of fact, they are denies.

34. Admits the allegation contained in paragraph 34 that the design of the bore casing was approved; denies the remaining allegations contained in paragraph 34.

35. Admits the allegations contained in paragraph 35 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 35.

36. The allegations contained in paragraph 36 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

37. Admits that Avino’s proposal was declared null and void by the BOP; denies the remaining allegations contained in

paragraph 37.

38. Admits the allegation contained in paragraph 38 to the extent supported by the proposal/estimate cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 38.

39. Admits the allegation contained in paragraph 39 that the BOP agreed to complete repairs to sidewalks at 16 crossings, and that the BOP agreed to repair sidewalks damaged in other areas for credit to the contract price; denies the remaining allegations contained in paragraph 39.

40. Admits the allegations contained in paragraph 40 to the extent supported by the proposal/estimate cited, which is the best evidence of its contents; otherwise denies the allegations cited in paragraph 40.

41. Admits the allegations contained in paragraph 41 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 41.

42. Admits the allegations contained in paragraph 42 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 42.

43. Admits the allegations contained in the first sentence of paragraph 43 to the extent supported by the documents cited,

which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 43. The allegations contained in the second sentence of paragraph 43 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

44. Admits the allegations contained in the first sentence of paragraph 44 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegation contained in the first sentence of paragraph 44. Denies the allegation contained in the second sentence of paragraph 44 for lack of knowledge or information sufficient to form a belief as to the truth of the matters asserted. Denies the allegation contained in the third sentence of paragraph 44.

45. Admits the allegation contained in the first part of paragraph 45 that Avino never received a soil boring or Soils Report from BOP; admits the allegation contained in the second part of paragraph 45 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegation contained in the second part of paragraph 45.

46. Admits that the BOP and Avino entered into Contract Modification No. 004, which specified a unit price of $250.00 for excavation, removal and replacement of rock/boulder material; otherwise denies the allegations in paragraph 46.

47. Admits the allegation contained in paragraph 47 that a job progress meeting was held on November 2, 2000, and that Avino submitted a proposal to re-route pipe around woods; denies the remaining allegations contained in paragraph 47.

48. Admits the allegations contained in paragraph 48 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 48.

49. Admits the allegations contained in paragraph 48 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 49.

50. Admits the allegations contained in paragraph 50 to the extent they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 50.

51. Admits the allegations contained in paragraph 51 to the extent they are supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 51.

52. Admits the allegations contained in paragraph 52 to the extent supported by the proposal and contract cited, which is the best evidence of their contents; otherwise denies the allegations contained in paragraph 52.

53. Admits the allegations contained in paragraph 53 to the extent supported by the proposal and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54 for lack of knowledge or information sufficient to form a belief as to their truth.

55. Admits the allegations contained in the first sentence of paragraph 55 to the extent supported by the plans cited, which are the best evidence of their contents, otherwise denies the allegations contained in the first sentence of paragraph 55. Denies the allegations contained in the second and third sentences of paragraph 55.

56. Admits the allegation in the first sentence of paragraph 56 that Avino encountered a steel-structured poured concrete pedestrian bridge over the swale between the security fence running west to Building 2; admits the remainder of the allegations contained in the first sentence of paragraph 56 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the remaining allegations contained in the first sentence of paragraph 56. Denies the allegation contained in the second sentence of paragraph 56 that Avino ran the new pipeline north to building 1; denies the remaining allegations in the second sentence of paragraph 56.

The allegations contained in the third sentence of paragraph 56 are conclusions of law to which no response is required, to the extent that they may be deemed allegations of fact, they are denied.

57. Admits the allegations contained in paragraph 57 to the extent supported by the document cited, which is the best evidence of its contents, otherwise denies the allegations contained in paragraph 57.

58. Admits the allegation contained in the first sentence of paragraph 58 that Avino filed a proposal for Contract modification with the Contracting Officer for road plates to be used at the emergency road behind Building 8C; denies the remaining allegations contained in the first sentence of paragraph 58. Admits the allegation contained in the second sentence of paragraph 58 to the extent supported by the plans cited, which are the best evidence of their contents, otherwise denies the allegations in the second sentence of paragraph 58. Admits the allegations contained in the third sentence of paragraph 58. The allegations contained in the fourth sentence of paragraph 58 constitutes a conclusion of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

59. Admits the allegations contained in paragraph 59 to the extent supported by the proposal and contract cited, which are

the best evidence of their contents; otherwise denies the allegations contained in paragraph 59.

60. Admits the allegations contained in paragraph 60 to the extent supported by the proposal and contract cited, which are the best evidence of their contents; otherwise denies the allegations contained in paragraph 60.

61. Denies.

62. Admits.

63. Admits the allegations contained in paragraph 63 to the extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 63.

64. The allegations contained in paragraph 64 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

65. Denies.

66. Denies the allegations contained in the first and second sentences of paragraph 66. Admits the allegation contained in the third sentence of paragraph 66.

67. Denies the allegations contained in paragraph 67 for lack of knowledge or information sufficient to form a belief as to their truth.

68. Admits the allegations contained in paragraph 68 to the

extent supported by the contract, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 68.

69. Denies the allegations contained in paragraph 69 for lack of knowledge or information sufficient to form a belief as to their truth.

70. Admits the allegations contained in the first sentence of paragraph 70 to the extent supported by the contract cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first sentence of paragraph 70. Admits the allegation contained in the first clause of the second sentence of paragraph 70 that the trench passes under a security fence; admits the remainder of the allegations contained in the first clause of the second sentence of paragraph 70 to the extent supported by the contracted cited, which is the best evidence of its contents; otherwise denies the allegations contained in the first clause of the second sentence of paragraph 70. Admits the allegation contained in the second clause of the second sentence of paragraph 70 that BOP would not allow Avino to run sump pumps all day long; otherwise denies the allegations contained in the second clause of the second sentence of paragraph 70. Denies the allegation contained in the third clause of the second sentence of paragraph 70. Admits the allegation contained in the fourth clause of the second sentence of paragraph 70 that BOP would not

allow men and equipment to access the work site outside of the six hour work day. Admits the allegation contained in the fifth clause of sentence 2 of paragraph 70 that as of December 20, 2000, BOP allowed Avino employees access to the site after the six-hour work period; otherwise denies the allegations contained in the fifth clause of the second sentence of paragraph 70.

71. Denies.

72. Admits the allegations contained in paragraph 72 that a rainfall flooded a trench causing loss of newly installed pipe; denies the remaining allegations contained in paragraph 72.

73. Admits the allegations contained in the first sentence of paragraph 73 to the extent supported by the contract drawings cited, which are the best evidence of their contents; otherwise denies the allegations contained in the first sentence of paragraph 73. Denies the allegations contained in the second sentence of paragraph 73.

74. Admits the allegations contained in the first and second sentences of paragraph 74. Denies the allegation contained in the third sentence of paragraph 74 for lack of knowledge or information sufficient to form a belief as to the truth of the matter asserted. Denies the allegation contained in the fourth sentence of paragraph 74.

75. Denies the allegations contained in paragraph 75 for lack of knowledge or information sufficient to form a belief as

to their truth.

76. Admits the allegation contained in paragraph 76 that Avino had to replace broken and displaced piping at the site; denies the remaining allegations contained in paragraph 76.

77. Admits.

78. Defendant incorporates by reference its responses to paragraphs 1 through 77 of plaintiff's complaint.

79. Admits the allegation contained in paragraph 79 to the extent supported by the proposal cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 79.

80. Admits the allegations contained in paragraph 80 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 80.

81. Admits the allegations contained in paragraph 81 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 81.

82. Admits the allegation contained in paragraph 82 that the BOP paid Avino $55,213.00 on July 14, 2003; denies the remaining allegations contained in paragraph 82.

83. The allegations contained in paragraph 83 constitute conclusions of law and plaintiff's characterizations of its case,

to which no response is required; to the extent they are deemed allegations of fact, they are denied.

84. Admits the allegations contained in paragraph 84 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 84.

85. Denies.

86. Denies.

87. Defendant incorporates by reference its responses to paragraphs 1 through 86 of plaintiff's complaint.

88. Denies.

89. Denies.

90. Denies.

91. Denies.

92. Admits the allegation contained in paragraph 92 that, in July 2001, BOP contracted with All-State Boiler to complete the installation of the how water distribution system; denies the remaining allegations contained in paragraph 92.

93. Admits the allegation contained in paragraph 93 that Avino did not have an opportunity to bid on the new contract; denies the remaining allegations contained in paragraph 93.

94. Denies.

95. Denies.

96. Denies the allegation contained in the first sentence

of paragraph 96 for lack of knowledge or information sufficient to form an opinion as to the truth of the matter asserted; denies the allegations contained in the second and third sentences of paragraph 96.

97. Admits the allegations contained in the first sentence of paragraph 97 to the extent supported by the Invitation for Bids, which is the best evidence of its contents; otherwise denies the allegations in the first sentence of paragraph 97. Denies the allegations contained in the second sentence of paragraph 97. Denies the allegations contained in the third and fourth sentences of paragraph 97 for lack of information or knowledge sufficient to form an opinion as to the truth of the matters asserted.

98. Denies.

99. Denies.

100. Admits the allegation contained in paragraph 100 that Avino amended its termination settlement proposal to include a claim for breach of contract in the amount of $151,338.26 on November 1, 2002; denies the remainder of the allegations contained in paragraph 100.

101. The allegations contained in paragraph 101 are conclusions of law to which no response is required; to the extent that they may be deemed allegations of fact, they are denied.

102. Admits the allegations contained in paragraph 102 to the extent supported by the document cited, which is the best evidence of its contents; otherwise denies the allegations contained in paragraph 102.

103. Denies.

104. Denies that plaintiff is entitled to the relief requested in its request for relief following paragraph 103 or to any relief whatsoever.

105. Denies each and every allegation not previously admitted or otherwise qualified.

AFFIRMATIVE DEFENSES

106. Plaintiff’s claims are barred in whole or in part by assumption of risk.

107. Plaintiff's claims are barred in whole or in part by payment.

108. Plaintiff’s claims are barred in whole or in part by waiver.

109. Plaintiff’s claims are barred in whole or in part by release.

WHEREFORE, defendant requests that the Court enter judgment in its favor, order that the complaint be dismissed, and grant defendant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Claudia Burke

CLAUDIA BURKE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tel: (202) 353-9063
Fax: (202) 307-0972

Attorneys for Defendant

OF COUNSEL:

Christopher Van Horne
Attorney-Advisor
Federal Bureau of
Prisons
Washington, D.C. 20530

April 15, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 15th day of April, 2004, a copy of the foregoing Answer and Affirmative Defenses was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke