IN THE UNITED STATES COURT OF FEDERAL CLAIMS

| | | |
|---|---|---|
| AVINO CONSTRUCTION, INC., Plaintiff, | ) | |
| v. | ) | No. 03-2877C (Judge Hewitt) |
| THE UNITED STATES, Defendant. | ) | |

JOINT PRELIMINARY STATUS REPORT

Pursuant to Rule 16 and Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), plaintiff and defendant respectfully submit the following joint preliminary status report:

a. Jurisdiction

Plaintiff states that the Court has jurisdiction to consider and decide this action pursuant to 28 U.S.C. § 1491. Defendant is currently unaware of any basis upon which to challenge the Court's jurisdiction.

b. Consolidation

The parties agree that this case should not be consolidated with any other case.

c. Bifurcation

The parties agree that trial of liability and damages should not be bifurcated.

d. Deferral

The parties agree that further proceedings in this case should not be deferred pending consideration of another case before this Court or any other tribunal.

e. Remand/Suspension

The parties agree that no remand or suspension will be sought.

f. Joinder

The parties agree that no additional parties will be joined.

g. Dispositive Motions

At this time, the parties cannot state whether dispositive motions will be filed. After discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56.

h. Relevant Issues

Plaintiff's Relevant Issues:

(1) Whether Avino is entitled to all of its costs claimed under its termination settlement proposal, less what it has been paid to date by the Government?

(2) Whether the Government has breached its contract with Avino, through cardinal change or otherwise?

(3) Whether "other costs" in Avino's termination for convenience settlement proposal, including direct costs, initial/preparatory/start-up costs, continuing expenses, and

delay costs are reasonable, allowable and allocable costs under a termination for convenience?

(4) Whether Avino is entitled to General and Administrative expenses under a termination for convenience?

(5) Whether Avino is entitled to its settlement expenses and proposal preparation costs in its termination claim?

Defendant’s Relevant Issues:

(1) Whether BOP is liable for any additional costs for demonstrated profits related to BOP's termination for convenience.

(2) Whether Avino's alleged costs for uniforms are overhead costs.

(3) Whether Avino has demonstrated that its claimed insurance costs were directly related to this contract and whether Avino has demonstrated that the claimed insurance costs were actually paid.

(4) Whether Avino’s initial preparatory costs exceed the scope contemplated by FAR 31.205-42.

(5) Whether Avino is entitled to post-termination ownership expenses for general use equipment that Avino alleges was bought specifically for this project.

(6) Whether Avino is entitled to post-termination continuing labor costs when there is no binding agreement with any employee and employees are available for other work.

(7) Whether BOP's termination of Avino's contract for convenience demonstrated bad faith and thus amounts to a breach of contract.

i. Settlement

At this time, the parties cannot state whether this case can be settled. If deemed warranted, the parties will pursue settlement negotiations as the litigation progresses.

j. Trial

As stated above, after discovery has been completed, the parties may submit cross-motions for summary judgment pursuant to RCFC 56. If dispositive motions are not submitted, or if they are not completely dispositive of this action, the parties anticipate proceeding to trial. At this time, the parties do not request expedited trial scheduling.

k. Additional Information

There is no additional information of which the Court should be aware at this time.

l. Proposed Discovery Plan

Counsel for both parties intend to conduct simultaneous discovery through interrogatories, requests for admission, requests for production of documents, and depositions. The parties propose a discovery deadline of January 31, 2005.

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DAVID M. COHEN
Director

s/ Franklin E. White, Jr.

FRANKLIN E. WHITE, JR.
Assistant Director

s/ Joseph A. Camardo, Jr.

JOSEPH A. CAMARDO, JR.
Law Firm of Joseph A. Camardo, Jr.
127 Genesee St.
Auburn, NY 13021
(315) 252-3846
(315) 252-3508

Attorney for Plaintiff

June 7, 2004

s/ Claudia Burke

CLAUDIA BURKE
Attorney
Commercial Litigation Branch
Civil Division
Department of Justice
Attn: Classification Unit
8th Floor
1100 L Street
Washington, D.C. 20530
Tel: (202) 353-9063
Fax: (202) 307-0972

Attorneys for Defendant

June 7, 2004

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury that on this 7th day of June, 2004, a copy of the foregoing Joint Preliminary Status Report was filed electronically. I understand that notice of this filing will be sent to all parties by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

s/ Claudia Burke